By the Court:

Monell, J.
As the exclusion of the evidence offered by the defendant to show the nature of the transaction between the parties was, as it appears to me, so clearly erroneous that the judgment must be reversed and a new trial had, I do not propose to examine any of the other exceptions taken by the defendant.
It is to be presumed that the decision of the learned judge, in rejecting the evidence offered, was upon the ground that such evidence would contradict or vary the written agreement; and as the written contract was free from ambiguity, such evidence could not be used to elucidate or explain it. Such undoubtedly is the rule at law, and had this been an action to recover damages for a non-performance of the contract, it might be that the rule would have been properly applied (Webb v. Rice, 6 Hill, 219).
The rule in equity, however, is otherwise; and it may be considered as settled that, in equity, parol evidence is admissible to show that any instrument, although absolute as a sale (and whether with or without a seal), was intended by the parties as a mere security; and upon showing such to be the nature of the instrument, it loses its characteristics of a sale, and becomes *233 subject to all the rules applicable to a pledge (Despard v. Walbridge, 15 N. Y. R., 374).
All the cases cited by the respondent’s counsel were actions at Tcm, and arose chiefly before the adoption of the present Code of Procedure, allowing equitable defenses to be set up to strictly legal causes of action.
In these cases the rule at 1cm was applied, and the parol evidence was held to be inadmissible. Before the union of law and equity in one tribunal, and until the adoption of the Code, it could not be set up as a defense to an action at law that a contract absolute in its terms was intended to be a security. Hence it was necessary to go into equity for the relief. Under the Code, however, such equitable defense can be interposed in any action.
The case at bar relieves the question of all difficulty. The action is for a specific performance of a contract, therefore an action in equity, to which must be applied equitable rules.
The case of Despard v. Walbridge (supra) was an action to recover for use and occupation by the assignee of the lessor. An offer to prove by parol that the assignment, although absolute in its terms, was intended as a security merely, was rejected, and the rejection held to be erroneous. The distinction between the rule at law and in equity is stated, and the admissibility of such evidence under the Code, when the facts are set up as an equitable defense, is authoritatively determined (See also Hutchins v. Hebbard, 34 N. Y. R., 24).
The judgment must be reversed and a new trial ordered, with costs to the appellant, to abide the event.